**Gert A. JOHANSSON, Plaintiff,**

v.

**ROSE DISPLAYS LTD., INC., Defendant.**

**Civil A. No. 95–11633–WGY.**

United States District Court,
D. Massachusetts.

May 8, 1996.

Matthew E. Connors and William E. Hilton, Samuels, Gauthier & Stevens, Boston, MA, for Gert A. Johansson.

Thomas M. Saunders, Philip X. Murray, and Anthony M. Lorusso, Lorusso & Loud, Boston, MA, for Rose Displays Ltd, Inc.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

The Plaintiff, Gert A. Johansson ("Johansson"), is the owner of United States Patent No. 4,679,340 (" '340"). The '340 patent describes and claims a clothing data marker. Clothing data markers are cylindrical rings configured to fit on the hook of a hanger that bear information concerning the size or style of clothing on the hanger. Johansson alleges that Rose Displays Ltd., Inc. ("Rose") has infringed the '340 patent, and continues to do so. After an earlier motion for dismissal by Rose was denied, Johansson moved for summary judgment with a finding of patent infringement or, in the alternative, for a preliminary injunction to bar any further sales of the Rose marker. Rose filed a cross motion for summary judgment on the ground of non-infringement of the '340 patent.

### I. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as matter of law. *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1537–38 (Fed.Cir. 1991); *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1576–77 (Fed.Cir.1989). One of the objects of such a motion is the separation of the real, genuine issues of material fact from solely formal or merely trumped up issues. *Snow v. Harnischfeger Corp.*, 12 F.3d 1154, 1157 (1st Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 56, 130 L.Ed.2d 15 (1994); *Johnson v. Educational Testing Service*, 754 F.2d 20, 25 (1st Cir.), *cert. denied,* 472 U.S. 1029, 105 S.Ct. 3504, 87 L.Ed.2d 635 (1985). A "genuine" issue is one that a reasonable jury, on the record before the court, could resolve in favor of a non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *United States v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992); *Rivera–Muriente v. Agosto–Alicea*, 959 F.2d 349, 351–52 (1st Cir.1992).

### II. ANALYSIS

Resolving a claim of patent infringement is a two-step process. The court must first determine the meaning and scope of the patent claims asserted to be infringed. *Markman v. Westview Instruments, Inc.*, —— U.S. ——, ———–——, 116 S.Ct. 1384, 1393–96, 134 L.Ed.2d 577 (1996). Once the meaning and scope of the claim is determined, it is then for the trier of fact to resolve whether the accused device falls within the scope of the claim as construed by the court. *Id.* See *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 304 (Fed. Cir.1995). That is, a patent must first be defined, a question of law, before the factfinder can determine if there is an infringement, a question of fact. *Markman v. Westview Instruments, Inc.*, —— U.S. ——, ———–——, 116 S.Ct. 1384, 1393–96, 134 L.Ed.2d 577 (1996).

Thus, after *Markman*, this Court must establish the scope of the claims of the '340 patent. Here, the clothing marker is held in position by "barbs."

The barbs in question look like this:

'340 patent

Rose device

Claim one of patent '340 states that "... said barbs prevent said hanger hook from exiting the slot absent **deformation** or destruction of at least one of said barbs ..." (emphasis added). In particular, this Court focuses here on whether the term "deformation" included in Claim one of the patent encompasses both temporary and permanent deformation as Johansson maintains, or merely permanent deformation as Rose contends.[1] This is a decision exclusively for the Court. *Markman, supra.*

■ In determining the scope of a claim, the terms used in the patent are given their ordinary meaning unless another meaning is specified or evident from the patent history. *Transmatic Inc. v. Gulton Industries,* 53 F.3d 1270, 1277 (Fed.Cir.1995); *Carroll Touch, Inc. v. Electro Mechanical Sys., Inc.,* 15 F.3d 1573, 1577 (Fed.Cir.1993). If there is a question raised about the appropriateness of the plain language approach, the court must look to the ordinary skill of the art in question. The court may use extrinsic evidence to determine the skill of the art to clarify any ambiguity. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 986 (Fed.Cir.1995), *aff'd, Markman v. Westview Instruments, Inc.,* —— U.S. ——, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). In this case, however, the plain language approach is applicable since there is no indication that the term deformation has any special meaning under the ordinary skill of the art. *See Transmatic,* 53 F.3d at 1277.

■ Johansson points to the affidavit of Dr. Mary Boyce, a mechanical engineering professor at MIT and an expert in polymers. Dr. Boyce states that Rose's marker undergoes both permanent and temporary deformation. However, Dr. Boyce does not maintain that the definition of deformation should

include temporary deformation, nor would she be qualified to make such an assertion since she makes no claim that she is basing her opinion on the patent history. In short, Johansson attempts through the Boyce Affidavit to equate the ordinary wear and tear that the Rose device would undergo in use, to permanent deformation. Johansson's characterization of permanent deformation is the equivalent of stating that a knit hat undergoes both temporary and permanent deformation when worn, since some stretching of the wool occurs when worn and such stretching of the weave would eventually result in a slightly larger hat. This Court rejects the Johansson characterization of deformation.

■ For a court to find infringement of a patent, each and every element of the patent must be present in the allegedly infringing item. *Carroll Touch, Inc.,* 15 F.3d at 1576 (Fed.Cir.1993); *London,* 946 F.2d at 1538–39; *Lemelson v. United States,* 752 F.2d 1538, 1551 (Fed.Cir.1985). The court does not have the freedom to determine what aspects of a claim are material and important, and what aspects are insignificant. *See Becton Dickinson and Co. v. C.R. Bard, Inc.,* 922 F.2d 792, 798 (Fed.Cir.1990). Therefore, this Court must assume that "all limitations in a claim are material and must be met exactly or equivalently in an accused device to find that the accused device works in the same way." *Id.* If this Court finds that even one structural limitation is not present in the accused device, summary judgment for the accused is proper. *See id.* Claim one of the '340 patent requires that the marker contain barbs that "prevent said hanger hook from exiting the slot absent deformation or destruction of at least one of said barbs." As noted previously, Rose's marker does not

---

**1.** In simpler terms, Rose argues that its device is intentionally designed to snap on and off and still do the job, whereas the '340 patent claims a device that cannot be removed without permanently deforming at least one of the barbs.

contain barbs that undergo destruction or deformation when removed from a hanger hook. Therefore, an element of the '340 patent is not present in the Rose marker and thus the Rose marker cannot be said to infringe upon the '340 patent.

### III. *CONCLUSION*

For the foregoing reasons, Johansson's motion for summary judgment is **DENIED** and Rose's cross motion for summary judgment is **GRANTED.**

SO ORDERED.